UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| SUSAN CANNON | CASE NO. 2:22-CV-03518 |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| UNDERWRITERS AT LLOYDS LONDON | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the Court is "Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction" (Doc. 29). Certain Underwriters at Lloyds, London Subscribing to Policy No. LI6431963, incorrectly named in the Complaint as Underwriters at Lloyds London ("Lloyds") moves to dismiss this lawsuit pursuant to Federal Rules of Civil Procedure 12(b)(1) and 41(b) because Plaintiff's claims do not meet the $75,000 jurisdictional amount. Lloyds' Motion also moves to dismiss the lawsuit for failure to prosecute. However, in its reply, Lloyd withdraws it Motion to Dismiss based on failure to prosecute.[1]

### INTRODUCTION

This matter involves alleged damage that occurred to Plaintiff's property as a result of Hurricanes Laura and Delta on August 27, 2020 and October 9, 2020, respectively. During the relevant time period, the property was insured by Defendants, Lloyds, London Subscribing to Policy No. LI643196. Plaintiff alleges that Lloyds failed to properly and timely adjust her claims.

---

[1] Doc. 32, p. 6.

## LAW AND ANALYSIS

Lloyd's is not an insurer. *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003). Lloyds describes itself as "an international insurance market in London, England, that provides the infrastructure for entities to insure a portion of a risk, rather than insuring the entire risk itself." Doc. 26-1 at 2. The entities are called "members" or "Names," and each subscribes to a portion of a policy via a "syndicate." *Id.* Multiple members/Names may subscribe to a single policy through a single syndicate. *Id.* Moreover, multiple syndicates may subscribe to a single policy. *Id.* As the Fifth Circuit has noted, Lloyd's simply provides a market for the buying and selling of insurance risk among its members who hope to make a return on their investment. *Corfield*, 355 F.3d at 858. As such, "a policyholder insures *at* Lloyd's but not *with* Lloyd's." *Id.* (emphasis in original) (citing Lee R. Russ & Thomas F. Segalla, *Couch on Insurance* § 39:47 (3d ed. 1995)).

Lloyds filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to Rule 12(b)(1). Therein, Lloyd's argues that there is no possibility the amount in controversy will exceed $75,000.00 for each member/Name subscribed to the policy at issue, which is required to establish diversity jurisdiction under 28 U.S.C. § 1332(a). *Id.*

A motion under Rule 12(b)(1) attacks the court's jurisdiction to hear and decide the case. Federal Rule of Civil Procedure 12(b)(1). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A court may base its disposition of a motion to dismiss under Rule 12(b)(1) on: (1) the complaint alone; (2) the complaint supplemented by undisputed

facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Robinson v. TCI/US West Commc'n, Inc.*, 117 F.3d 900, 904 (5th Cir. 1997).

Courts may consider affidavits and exhibits submitted in connection with a Rule 12(b)(1) motion to dismiss. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994). Once challenged with competent proof, the plaintiff must prove by a preponderance of the evidence that the court has subject matter jurisdiction. *Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986). A motion to dismiss under Rule 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claims that would entitle plaintiff to relief. *Ramming*, 281 F.3d at 161.

Lloyds contends that Plaintiff has failed to establish that the Court has subject matter jurisdiction to hear this case under 28 U.S.C. § 1332(a).  Pursuant to 28 U.S.C. § 1332(a), for federal diversity jurisdiction to attach, the parties must be completely diverse and meet the jurisdictional amount in controversy of $75,000.00. *Bynane v. Bank of New York Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24*, 866 F.3d 351, 355 (5th Cir. 2017) (citing *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014)). The party seeking to invoke the Court's jurisdiction bears the burden of proving the existence of federal jurisdiction. *Getty Oil Corp., Div. of Texaco, Inc. v. Insurance Co. of North Am.*, 841 F.2d 1254, 1259 (5th Cir.1988). Failure to properly allege diversity jurisdiction mandates dismissal. *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991) (citing *Patterson v. Patterson*, 808 F.2d 357, 357 (5th Cir.1986); *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir.1975)).

As noted above, Lloyd's is a marketplace where its members buy and sell insurance risks. Thus, Courts in the Fifth Circuit and various other courts have recognized that diversity jurisdiction is destroyed if a plaintiff cannot prove he has a claim against each member/Name subscribing to the subject policy that equals or exceeds $75,000.00. See e.g., *Team One Properties LLC v. Certain Underwriters at Lloyds London*, 281 Fed. Appx. 323, *1 (5th Cir. 2008); *Rips, LLC v. Underwriters at Lloyd's London*, No. 14-1969, 2015 WL 2452339, at *1 (E.D. La. May 21, 2015) (holding the Court lacked subject matter jurisdiction under 28 U.S.C. § 1332 because claims against individual members/Names cannot be aggregated and the complaint did not plead that the $75,000.00 jurisdictional minimum was met for each Name); *G & M Holding, Inc. v. Certain Underwriters at Lloyd's of London*, No. 07-4883, 2008 WL 215842, at *2 (E.D. La. Jan. 23, 2008) (holding that diversity jurisdiction had not been established when the amount in controversy was not met as to all Names sued under the policy); *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F. 3d 925, 933 (2d Cir. 1998) (noting, as severally liable defendants, that each Name would still have to satisfy the jurisdictional minimum required by 28 U.S.C. § 1332); *BIG League Ventures, LLC v. Certain Underwriters at Lloyd's, London*, 474 F. Supp. 3d 1279, 1284 (S.D. Fla. 2020) (noting that various courts have recognized diversity jurisdiction is destroyed if the plaintiff cannot prove it has a claim against each member/Name subscribing to the subject policy that equals or exceeds $75,000.00").

Lloyds has submitted evidence that its policy has a limit of $75,000; $50,000 for dwelling, $20,000 for personal property and $5,000 for loss of use, with a $3,750.00

wind/hail deductible.[2] To date, Lloyds has paid $14,609.31 on Plaintiff's Hurricane Laura claim.[3] Thus, the maximum contractual amount Lloyds can be liable for is the remaining policy limits of $60,390.69.

Plaintiff also asserts statutory penalties pursuant to Louisiana Revised Statutes 22:1974 and 22:1892. There are five members that are subscribed to Plaintiff's policy. Lloyds argues that even if each syndicate had only one member, the amount in controversy in this suit would have to be at least $375,000 to meet the jurisdictional minimum ($75,000 X 5). Thus, Lloyds contends that there is no possibility that the amount in controversy exceeds the jurisdictional amount. Additionally, one of the syndicates assumes only 4% of the risk, and assuming it only had one member, Plaintiff would have to establish total damages of $1,875,000 for the member of that syndicate to meet the $75,000 threshold.

Plaintiff points to syndicate 510, which holds a 50.1% risk and calculates its risk to be $149,700.60 ($75,000 X 50.1%). Plaintiff then argues that it is clear that the amount of damages syndicate 510 is liable for exceeds $149,700.60. The Court respectfully disagrees with Plaintiff's analysis and how it is applied to determine the amount in controversy.

The correct analysis is whether there is $75,000 in controversy as to each named syndicate, not whether there is $75,000 in controversy as to the entire syndicate. As noted by Lloyds, the syndicate is an administrative agency comprised of many members or Names and the Names within each syndicate are the Defendants.

---

[2] Defendant's exhibit B-1, Policy Declarations Page.
[3] Defendant's exhibit B.

As such, this Court does not have original jurisdiction over the civil action because there is not $75,000 in controversy as to each member/Name in each syndicate. Likewise, because the Court does not have original jurisdiction, the Court does not have "supplemental jurisdiction" over the civil action pursuant 28 U.S.C.A. § 1367.

## CONCLUSION

For the reasons explained herein, the Court will grant Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction" (Doc. 29) and dismiss the instant lawsuit without prejudice.

**THUS DONE AND SIGNED** in Chambers on this 12th day of December, 2023.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**